## WHEN COMMISSION OF AN UNLAWFUL ACT INVALIDATES LIFE INSURANCE.

Circuit Court of Cuyahoga County.

ST. ELIZABETH ROMAN CATHOLIC UNION v. JOHN KOCIS.

Decided, 1912.

*Insurance—Commission of Unlawful Act no Defense When Not the Cause of Death or Injury.*

The fact that the insured was killed or injured while in the commission of an unlawful act is no defense to an action upon a life or accident insurance policy, unless the wrongful act was the proximate cause of the death or injury.

METCALFE, J. (sitting in place of Winch, J.) ; NIMAN, J., and POLLOCK, J. (sitting in place of Marvin, J.), concur.

The plaintiff in error is a mutual benefit association, and as such it issued a policy to John Kocis on the 25th of July, 1910, insuring him during the continuance of the policy against loss of life or against the loss of a limb resulting from accident. While the policy was in force Kocis received an injury which he claims under the terms of the policy entitled him to the benefits thereof. The society refused to pay on the ground that such injuries were received while in the commission of an unlawful act. Kocis brought suit and recovered judgment in the common pleas court against the union, and it is to reverse that judgment that error is prosecuted here.

On the trial of the case below evidence was offered on the part of the defendant, here the plaintiff in error, tending to show that at the time he received the injuries of which he complains, Kocis was in the commission of an unlawful act. That he and another were engaged in the act of stealing hay which belonged to the city of Cleveland and loading it upon a wagon with intent to carry it away. That while in the act of loading the hay they were observed by an officer who ordered them to desist and attempted to arrest them, or at least to stop them from taking away the hay. That thereupon Kocis and his associate drove off with the hay that they had loaded, and while driving rapidly the load was partially overturned. Kocis was thrown to the ground and he received an injury which resulted in the loss of one of his feet. This evidence was admitted, but before the case was finally submitted to the jury the trial judge withdrew it and instructed the jury to disregard it. Thus arose the important question in this case, whether or not, independent of the terms of the policy such as was issued by the plaintiff in error to the defendant, such acts as those of which Kocis was said to be guilty constitute a defense to the policy.

There is no provision in the policy forfeiting it or avoiding a recovery in case the injuries were received in the commission of any unlawful act. It is urged that the following provision contained in the policy is sufficient to cover any injury of that sort:

"If, however, such member himself causes his death or disability, and where this is found out and has been proven after

a thorough investigation, no benefit whatever can be claimed. In such case the respective member, even though he survive, will be scratched from the list of the union once and forever."

We are of the opinion that this clause only covers such injuries as may be self-inflicted and death by suicide, and is not broad enough to cover anything else.

So that the sole question, we think, here is whether or not, independent of any provision in the policy, if the assured was engaged in an unlawful act, does that constitute a defense to the payment of the benefits provided by the policy? Nearly all the decisions we have been able to consult upon this question turn upon a provision of the policy itself, but we find it to be the law, as expressed in the great weight of authority, that the provision prohibiting a recovery for an injury received while doing an unlawful act refers to such injuries as may happen as the natural consequence of the act, and its probable and to be anticipated consequences. A known violation of a positive law will avoid a policy, if the natural and reasonable consequences of the violation of law are to increase the risk. A violation of law, whether the law is a civil or criminal one, does not avoid the policy if the natural and reasonable consequence of the act does not increase the risk or cause the injury. The wrongful act must have been the proximate cause of the injury or death. The injury or loss of life must be connected with the crime as its consequence—by reason of the guilty act the injury must have occurred. There must be some positive connection between the act which is the violation of law and the injury to the assured.

Thus in the case of *Griffin* v. *The Western Mutual Benefit Association,* 20 Neb., 620, where the assured had committed a robbery and while leaving the building was killed by a policeman, the court held that as the commission of the crime had been completed and the death occurred afterward, there was no forfeiture. And we think that this holding expresses the law as sustained by the great weight of authority.

Now, in this case, if Kocis had committed an offense it was not one the natural and probable consequence of which would have led to his death or injury. The crime, if any was committed, had been completed before the injury occurred. At the time of

the injury he was riding upon a wagon and the proximate cause of the injury was the overturning of the wagon and not the stealing of the hay, hence we think that the defense that he was injured in the commission of an unlawful act does not avail in this case, and there was no error in excluding the testimony in question.

It is urged, also, that the court committed error in admitting in evidence the book containing the constitution of the union, that book having been printed in a foreign language. We are unable to see how any one could be prejudiced by the admission of this book. It is not likely that any of the jurors were able to read it, and there is no proof that any of them could read it, and we think there could be no prejudice in its admission. The only clauses in it which it is claimed have any bearing upon the controversy at all in this case were translated and the translations given in the pleadings and in the bill of exceptions. The rest of it we have no doubt was a closed book to the jurors, and even if it was not, there is nothing whatever shown to indicate that any one could be prejudiced by its admission in evidence, hence we think the judgment in this case should be affirmed.